

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

March 27, 1939

Honorable Pat Beadle
County Attorney
Red River County
Clarksville, Texas

Dear Sir:

Opinion No. O-554
Re: Whether a person otherwise
qualified can vote in a city
election, without paying city
poll tax which the city levies
and assesses

We are in receipt of your telegram of this date reading as
follows:

"ACCOUNT URGENCY OF QUESTION NECESSARY THAT I
WIRE. CAN INHABITANTS WHO HAVE PAID STATE AND
COUNTY POLL TAX VOTE IN CITY ELECTION WITHOUT
PAYMENT OF CITY POLL TAX WHERE SAME WAS LEVIED
AND ASSESSED BY CITY. ATTORNEY GENERALS OPIN-
ION NO. 2676 BOOK 42 PAGE 145 AND OPINION NO.
2172 WRITTEN NINETEEN TWENTY BY CURETON IN CON-
FLICT. ART TEN THIRTY, 2955, 2957 CONSTITUTION
SECTIONS TWO AND THREE ART. SIX PERTINENT. WIRE
ANSWER COLLECT."

Article VI, Section 2, Constitution of Texas, reads in part
as follows:

"Every person subject to none of the fore-
going disqualifications, who shall have attained
the age of twenty-one years and who shall be a
citizen of the United States and who shall have
resided in this State one year next preceding an
election and the last six months within the dis-
trict or county in which such person offers to
vote, shall be deemed a qualified elector; pro-
vided, that electors living in any unorganized
county may vote at any election precinct in the
county to which such county is attached for ju-
dicial purposes; and provided further, that any



voter who is subject to pay a poll tax under the laws of the State of Texas shall have paid said tax before offering to vote at any election in this State and hold a receipt showing that said poll tax was paid before the first day of February next preceding such election."

Article VI, Section 3, Constitution of Texas, reads as follows:

"All qualified electors of the State, as herein described, who shall have resided for six months immediately preceding an election, within the limits of any city or corporate town, shall have the right to vote for Mayor and all other elective officers; but in all elections to determine expenditure of money or assumption of debt, only those shall be qualified to vote who pay taxes on property in said city or incorporated town; provided, that no poll tax for the payment of debts thus incurred, shall be levied upon the persons debarred from voting in relation thereto."

Article 1030, Revised Civil Statutes, reads as follows:

"The City Council shall have power to levy and collect an annual poll tax, not to exceed One ($1.00) Dollar of every inhabitant of said city over the age of twenty-one (21) and under sixty (60) years, those persons exempt by law from paying the State Poll Tax excepted, who is a resident thereof at the time of such annual assessment."

Article 2933, Civil Statutes, provides, in part:

"Every person subject to none of the foregoing disqualifications who shall have attained the age of twenty-one years and who shall be a citizen of the United States, and who shall have resided in this State one year next preceding an election, and the last six months within the district or county in which he or she offers to vote, shall be deemed a qualified elector. The electors living in an unorganized county may vote at an election precinct in the county to which such county is attached for judicial purposes; provided that any voter who is subject to pay a poll tax under the laws of this State or ordinances of any



city of town in this State, shall have paid said
tax before offering to vote at any election in
this State and holds a receipt showing that said
poll tax was paid before the first day of Febru-
ary next preceding such election; * * * "

As Article 1030 existed at the time of Attorney General
Cureton's opinion No. 2172 on January 15, 1920, and at the time of
Attorney General Pollard's opinion No. 2676, on March 29, 1927, the
same authorized the City Council to levy and collect an annual poll
tax not exceeding $1.00 of every male inhabitant of said city. In
the Cureton opinion it was held that a woman could not vote without
paying any poll tax so levied. In the Pollard opinion it was held
that since the poll tax was not levied on women, its attempted levy
on men was discriminatory, and that even a man could vote without
having paid the same. The conflict between the two opinions is not
any longer material, for in 1931 the statute was amended leaving out
the word "male", so that, as already noted, Article 1030 now author-
izes collection from both male and female inhabitants, thus remov-
ing the reason given by Attorney General Pollard for holding that
failure to pay such a poll tax would not deprive a man of the right
to vote in a city election.

We answer your question in the negative, assuming that the
city ordinance is in proper form, and was duly and regularly passed.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By *Glenn R. Lewis*
Glenn R. Lewis
Assistant

GRL:FG

APPROVED:

FIRST ASSISTANT ATTORNEY GENERAL